

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4305
Re: (a) Deduction of statutory
filing fee of fifty cents,
under Article 7065b-13(h),
Vernon's Texas Civil Statutes,
from claim for reimbursement
of motor fuel tax paid to
distributor by dealer but
deducted by such dealer on
sale of motor fuel to Fed-
eral Government, its agents
and instrumentalities. (b)
Deduction, under Article
7065b-13(h), Vernon's Texas
Civil Statutes, from claim
for refund of Federal Govern-
ment of tax paid on purchases
of motor fuel, of the 1% gal-
lonage deduction allowed dis-
tributor in payment of tax on
first sale.

Your letter of December 31, 1941, submits for our
opinion the following questions, which we quote therefrom:

"Owing to the increased use of motor fuel
directly or indirectly by agencies of the Fed-
eral Government, I set out below two questions
on which you will kindly render your opinion
for the use of the Motor Fuel Tax Refund Divi-
sion.

"(a) Dealers, who have been required to
pay the State Tax at the time of making their

purchases, sell fuel to employees of the Federal Government, less the tax, and accept from the purchaser in lieu of this tax U. S. Government Form 1094. The dealer then files a claim with this department for reimbursement of the tax. (House Bill 8, Sec. 2(d)) Is this department acting within the statutory requirements by deducting the fifty (50) cent filing fee from each claim paid? (House Bill 8, Sec. 13(h))

"(b) Employees of Federal Governmental agencies purchase motor fuel and pay the State Tax. Claims for refund are then filed with this department direct from Washington properly supported. No filing fee is deducted; however, the question arising is, should one (1) per cent of the gallonage be deducted before claims are approved, being the amount of tax never collected by the State from the bonded distributors paying in the tax? (House Bill 8 Sec. 2; Sec. 13 (h))"

The statutory provisions relating to the filing fee adverted to in your first question, are quoted, in part, from Subdivision (h) of Article 7065b-13, Vernon's Texas Civil Statutes:

"* * *The Comptroller shall deduct fifty (50) cents from all such refunds as a filing fee, which fee shall be deducted from the warrant issued in payment of such refund, which said filing fee shall be set aside for the use and benefit of the Comptroller in the administration and enforcement of this Article, as well as for the payment of expenses furnishing the form of invoice of exemption and other forms provided for herein, and the same is hereby appropriated for such purposes."

Section 13 of the above-cited Motor Fuel Tax Law, of which this quoted provision is an integral part, concerns itself solely with the manner and form of making claims for

refunds of taxes paid upon motor fuel sold within the State of Texas, under conditions which do not accrue such tax, and does not relate to the matter of exemption of persons and property from the incidence of the motor fuel tax under the Constitutions of Texas or the United States. The two situations of tax payments for which a claim for refund is recognized under Section 13 of the Act are: (1) Instances where the motor fuel in question is used by the ultimate purchaser for purposes and operations other than to propel a motor vehicle upon the highways of the State of Texas; (2) the export or loss by fire or other accident by any distributor or other person of motor fuel in quantities of 100 gallons or more after the tax has been paid upon such motor fuel.

In each of these recognized claims for refund of the motor fuel tax, the purchased motor fuel is not used to propel motor vehicles upon the highways. In your first question it is assumed that the motor fuel was used to propel motor vehicles upon the highways but such motor vehicles were owned or operated under such conditions and circumstances as to afford immunity from state taxation on the sale or use of such motor fuel. Assuming that the Federal Government or one of its admitted agencies or instrumentalities is the purchaser of this motor fuel, (a question which we do not here pass upon) the immunity of such purchaser from the motor fuel tax is not created and does not arise by anything that appears in the Motor Fuel Tax Law but rather from the implications and prohibitions of the Constitution of the United States. The dealer being unable to collect the tax from the Government, its agents or instrumentalities, as the ultimate purchaser, becomes entitled to reimbursement of the tax which such dealer has paid to the distributor on the first sale in Texas, under the statutory system of collection whereby such distributor and, in turn, the dealer are made virtually tax collectors for the state.

Acting in this capacity such dealer is not, either expressly or impliedly, a refund claimant within the purview and contemplation of the Refund Section of the Motor Fuel Tax Law, (Sec. 13), receives no benefits or advantages from the refund such as the favored class of claimants expressly embraced within said Section, and should not be called upon to bear the additional burden of having deducted from his claim

for reimbursement this statutory filing fee of fifty cents. This fee should be borne only by those who receive the benefits, i.e., the classes of users of motor fuel expressly dealt with in the refund section of the Motor Fuel Tax Law; such fee is designed to be collected and set aside for your use and benefit in the administration and enforcement of these refund provisions and should be limited to those claimants who receive the advantage thereof. We accordingly answer your first question in the negative.

We likewise answer your second question in the negative because the requirements of the Motor Fuel Tax Law in connection with the situation outlined therein can have no operative effect. Article 7065b-13(h), Vernon's Texas Civil Statutes, provides, in part, that: "In no event shall any refund be made to any person in excess of the actual amount paid by such person and the amount deducted originally by the distributor shall be deducted in computing the refund." Although your second question embraces a situation where a claim for reimbursement is made by the Federal Government for motor fuel taxes which it is assumed said Government was not liable for in the first instance, we hold, upon the same principles discussed above (where the claim for reimbursement was made by the dealer rather than the Government) that such claim is not a "refund," technically and statutorially speaking, and as such term is used in the Refund Section of the Motor Fuel Tax Law, including the above-quoted portion thereof.

If the given agency or instrumentality of the Federal Government is entitled to purchase tax-free motor fuel in Texas, under U. S. Government Form 1094 (a question which we do not here determine) or if, under the same principles of constitutional immunity, said agency or instrumentality of the Government is entitled to have reimbursement from the State of Texas of the amount of such taxes paid on motor fuel purchased in Texas, then it would inevitably follow that the Government should be made whole and must receive back in such tax reimbursement, the exact amount collected from it by the distributor-dealer collection system provided by the Act. To allow this claimed tax reimbursement to be lessened or diminished by the tax on 1% of this gallonage originally sold by the distributor, would be tantamount to taxing the Federal Government, its agents or

Honorable George H. Sheppard, Page 5

instrumentalities, to that extent, contrary to the Constitution of the United States. This requirement of the statute, although plain and mandatory in its terms, simply does not have any operative effect in the face of the constitutional immunities and this claim for reimbursement or repayment should be passed in its full amount.

Trusting the foregoing fully answers your inquiries, we are

Yours very truly

APPROVED JAN.24, 1942

ATTORNEY GENERAL OF TEXAS

(signed) Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

By

(signed)
Pat M. Neff, Jr.
Assistant

PMN:ej

APPROVED
OPINION
COMMITTEE
BY B.W.B.
CHAIRMAN

O.K.
R.H.C.